### STRONG and others v. WIGGINS, Ex'r, etc.

*(Circuit Court, W. D. Pennsylvania.  July Term, 1873.)*

EQUITY—JURISDICTION—TITLE TO PROPERTY.

> Complainants, as heirs of Clarissa Howd, deceased, filed an amended bill, alleging that said Clarissa and her deceased husband, before their marriage, agreed that each " should have nothing to do with the other's property; that his should go to his children, and hers to her heirs and relatives ;" that upon the death of said Clarissa her husband had asserted his exclusive ownership to all of her property, and devised the same to his two children, against whom and the executor this bill is filed. *Held,* upon a consideration of the facts, that there was nothing in this case to give an equity court jurisdiction ; that the only effect of such an agreement would be to estop the devisees and executor of the deceased husband from asserting title to the property ; that the parties must proceed at law ; and, the real estate having been converted into personal, the administrator of said Clarissa was the proper party to sue at law, and that the legal representatives of said Clarissa could only acquire title through administration on her estate.

In Equity.

McKENNAN, C. J.   This bill is filed by the complainants, as relatives by consanguinity of Clarissa Howd, deceased, against the executor of the will of her deceased husband and others, and prays for a decree that they deliver up or pay the value to the complainants of all the property which the said husband of Mrs. Howd derived from her estate.   It alleges that Clarissa Howd was childless; that she was the recipient of a large quantity of real and personal property under the will of her first husband, Frederic Miles, which was intended, ultimately, for her blood relations; that her second husband fraudulently induced her to sell and convert into personalty a large portion of her real estate; that he had fraudulently prevented her from making a will disposing of her property among her blood relatives; that she died intestate and without issue, and that the complainants are her collateral relatives; and that, upon her death, her husband asserted his exclusive ownership of all her estate, and made his will devising and bequeathing the same to his two children.   These are the main averments of the bill, as it was originally framed.

The proofs fall far short of sustaining the hypothesis of actual fraud propounded in the bill.   Indeed, they show that on the only occasion when the making of a will by Mrs. Howd was discussed, she was induced to forego such purpose by the advice of one of the complainants, John C. Strong, Esq.; certainly not by any improper interference on the part of her husband.   So, also, as to the sale of

Mrs. Howd's real estate; the proofs altogether fail to sustain the allegations of the bill touching the motives and agency of her husband in it.

There is evidence, however, of statements and declarations by Mr. and Mrs. Howd that, before their marriage, it was understood and agreed between them that each "should have nothing to do with the other's property; that his should go to his children, and hers to her heirs and relatives." And the bill has been so amended as to make this alleged agreement the basis of the relief prayed for.

Assuming that the ownership of the property of Clarissa Howd at her death was vested by the alleged antenuptial contract in the complainants, it is a contest between parties, each of whom claims title to the property, and the determination of this belongs properly to a court of law, in an appropriate action, and not to a court of equity; or, if the property is wrongfully in the possession of the respondents, without any claim of ownership, a court of equity is not the proper tribunal in which to recover it. Standing upon the same footing as if they had acquired the property in any other mode, a court of law is the forum in which alone they may enforce their ownership. If they claim in the character of heirs at law of Clarissa Howd, as they do, there is no such fiduciary relation between them and the respondents as would give a court of equity jurisdiction to make the decree prayed for. The only effect of the antenuptial contract would be to estop Sylvester Howd and his representatives from asserting his right as husband to the property of his deceased wife. But it could not render available to them a jurisdiction or a remedy to which they could not otherwise resort. The law devolves upon the personal representative of Clarissa Howd the title to all her personal property, and it is only through him that it can be asserted. There is, then, neither legal ownership, nor the privity incidental to the relation of trustee and *cestui que trust*, which would supply a basis of accountability by the respondents to the complainants. To whatever accountability the respondents are subject, it is to the legal representative of Clarissa Howd. Whatever right the complainants may have is as distributees of her estate, when it is collected and ascertained by the process of legal administration.

The bill is therefore dismissed at the costs of the complainants, but without prejudice.

ACHESON, D. J. I concur fully in the foregoing opinion of the circuit judge.